

EDWARDS WILDMAN PALMER LLP
750 LEXINGTON AVENUE
NEW YORK, NY 10022
+1 212 308 4411 main  +1 212 308 4844 fax
edwardswildman.com

Rory J. McEvoy
+1 212 912 2787
fax +1 888 325 9505
rmcevoy@edwardswildman.com

September 11, 2013

**VIA FACSIMILE & ECF**

Honorable Cheryl L. Pollak
United States Magistrate Judge
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>   Re:   Ambrose v. The Mount Sinai Hospital, et al.
>         11 Civ. 2026 (KAM) (CLP)

Dear Judge Pollak:

On behalf of our clients, The Mount Sinai Hospital ("Mount Sinai") and Maxine Shepherd (collectively "Defendants"), I write (i) to oppose counsel for Plaintiff's request for a three week extension of time to submit a letter from Plaintiff's physician regarding Mr. Ambrose's ability to proceed with his deposition and (ii) to request leave to move to dismiss the complaint for failure to prosecute and to comply with Court orders. Plaintiff's request for another lengthy extension to submit a letter from his physician should be denied because Mr. Ambrose failed to provide that letter since March 2013, even after being directed by the Court to do so on several occasions. As a result of the inability to proceed with Mr. Ambrose's deposition for nearly a year and half, Mount Sinai and Ms. Shephard have been prejudiced because the passage of this much time will inevitably result in memories fading and witnesses becoming unavailable. Accordingly, Defendants should be granted leave to move to dismiss the Amended Complaint.

Plaintiff commenced this action *pro se* on April 22, 2011 alleging national origin and disability discrimination claims against Mount Sinai and Ms. Shephard. On February 17, 2012, Ian Wallace filed a notice of appearance as counsel for Mr. Ambrose. On March 5, 2012, Mr. Wallace requested, and the Court granted, a three-month extension of time to complete discovery. A little more than a month later, in a letter dated April 16, 2012, Mr. Wallace informed the Court that Mr. Ambrose suffered a stroke and requested that the Court stay the action pending improvement in Plaintiff's condition. On April 17, 2012, the Court stayed discovery and ordered Mr. Wallace to provide a status report regarding Plaintiff's condition by June 15, 2012. On that date, Mr. Wallace reported to the Court that Mr. Ambrose's condition was improving, that he intended to file an Amended Complaint within forty-five days and requested three months (until October 29, 2012) after filing of the Amended Complaint to

BOSTON · CHICAGO · HARTFORD · HONG KONG · LONDON · LOS ANGELES · MADISON NJ · MIAMI
NEW YORK · ORANGE COUNTY · PROVIDENCE · STAMFORD · TOKYO · WASHINGTON DC · WEST PALM BEACH

**EDWARDS**
**WILDMAN**

Honorable Cheryl L. Pollak
September 11, 2013
Page 2

complete discovery. The Court ordered Plaintiff to file an Amended Complaint by August 3, 2012. After being granted a one-week extension, Plaintiff filed an Amended Complaint on August 10, 2012. Defendants answered the Amended Complaint on September 19, 2012.

At a conference on September 20, 2012, the Court ordered, *inter alia*, that Plaintiff's deposition should proceed and that Mr. Wallace should consult with Mr. Ambrose's treating physician and then with me to determine the conditions under which Plaintiff could be deposed. I did not receive any information from Mr. Wallace regarding the consultation with Plaintiff's treating physician ordered by the Court. At another conference on January 18, 2013, and still having received no information from Mr. Wallace regarding any consultation with Mr. Ambrose's doctor, I proposed that Plaintiff's deposition be conducted in two hour sessions with several days between each session. The Court approved this proposal and Mr. Wallace represented that Plaintiff could proceed with his deposition in this manner.

In a letter to the Court, dated March 1, 2013, Mr. Wallace said that all written discovery was completed and that we could proceed with Plaintiff's deposition. Thereafter, Plaintiff's deposition was scheduled for two-hour sessions one during the week of March 18, 2013 and another on March 27, 2013. On Sunday, March 17, 2013, I received an e-mail from Mr. Wallace asking to postpone that week's deposition session because "[d]uring discussions with Mr. Ambrose in preparation for his deposition, it is obvious that he is not in a proper condition to undergo the process yet. He is going to seek an appointment with his doctor in order to get a prescription for some form of sedative that will – hopefully – allow him to proceed with the depositions." On March 18, 2013, I sent an e-mail to Mr. Wallace agreeing to postpone the start of Plaintiff's deposition until March 27, 2013. In my e-mail, I also said that "I was under the impression from your representations to the Court and to me, that Mr. Ambrose was able to be deposed for two-hour intervals over the course of multiple days. It now appears that may not be the case. I think it is in everyone's interest to obtain a letter from Mr. Ambrose's physician before his deposition, confirming that he is medically capable of being deposed and setting forth any restrictions on the conduct of his depositions." Mr. Wallace agreed to my suggestion and, in an e-mail later that day, stated that "I will request one." I did not receive a letter from Plaintiff's physician by Friday, March 22, 2013. Accordingly, on Monday, March 25, 2013, I sent an e-mail to Mr. Wallace saying that we needed to reschedule the March 27, 2013 deposition session because I did not receive the letter. Mr. Wallace responded later that day in an e-mail saying, "I will ask [sic] touch base with him and ask him for it now. As soon as I have it, I will send it to you." I never received the promised letter from Plaintiff's physician.

On March 30, 2013, I received an e-mail from Mr. Wallace stating that Mr. Ambrose was hospitalized earlier that week due to high blood pressure and palpitations which might have been triggered by preparing for the deposition. Plaintiff's hospitalization resulted in an additional three month delay in taking his deposition. At a conference on June 14, 2013, Mr. Wallace acknowledged that he did not obtain the letter from Plaintiff's doctor and the Court directed Mr.

EDWARDS
WILDMAN

Honorable Cheryl L. Pollak
September 11, 2013
Page 3

Wallace to report, by June 28, 2013, regarding Plaintiff's ability to proceed with his deposition. On June 28, 2013, Mr. Wallace requested leave to file that report *in camera* without filing a copy on ECF. The docket does not reflect that this request was granted and I am unaware whether Mr. Wallace ever filed the Court-ordered report.

At the conclusion of the unsuccessful settlement conference held on August 19, 2013, the Court ordered Mr. Wallace to provide a letter from Plaintiff's physician regarding his ability to proceed with his deposition by August 30, 2013. On August 30, I received an e-mail from Mr. Wallace requesting a four-day extension, until September 3, 2013, to submit the letter. I consented to that request and the Court granted it. On September 5, 2013, I received another e-mail from Mr. Wallace asking for an additional extension of seven days to submit the letter. I did not consent to this request. In a letter to the Court dated September 10, 2013, Mr. Wallace now requests a three-week extension until October 4, 2013 to provide the Court "if possible, with a physician's letter." As a result of this continued delay, it will not be possible to comply with the Court's August 19 Order that the depositions of Plaintiff, Ms. Shephard and Tanya Isaacs be taken this month. It is simply inconceivable that Mr. Wallace has been unable to obtain a letter from Plaintiff's physician since March – a period of six months – despite several Court orders and several representations to me by Mr. Wallace that such a letter was forthcoming.

Plaintiff's inordinate delay is compounded by the fact that on August 20, 2013 – a year and a half after Mr. Wallace appeared as counsel – I received an e-mail from Mr. Wallace stating that he intended to seek leave to amend the Amended Complaint to add FMLA claims and asked me if I would consent to his filing another Amended Complaint. That same day, I advised Mr. Wallace by e-mail to proceed by motion and attach the proposed Amended Complaint to his motion papers. Later that day, Mr. Wallace responded by e-mail that he "would send [me] a proposed amended complaint ASAP." More than three weeks later, I have not received a proposed Amended Complaint nor to my knowledge has Mr. Wallace asked leave of Court to move to amend. If Mr. Wallace is permitted to make such a motion, this case will be indefinitely delayed because it is likely that Defendants will oppose the motion on several grounds.

For the foregoing reasons, Plaintiff's request for a three week extension to submit a letter from his physician, "if possible," should be denied and Defendants should be granted leave to move to dismiss the Amended Complaint for failure to prosecute and failure to comply with Court orders

Respectfully submitted,

Rory J. McEvoy

cc:   Ian F. Wallace (via facsimile & ECF)