

750 LEXINGTON AVENUE
NEW YORK, NY 10022
+1 212 308 4411 main  +1 212 308 4844 fax
edwardswildman.com

Rory J. McEvoy

Partner
+1 212 912 2787
*fax* +1 212 308 4844
rmcevoy@edwardswildman.com

September 24, 2013

**VIA FACSIMILE & ECF**

Honorable Cheryl L. Pollak
United States Magistrate Judge
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  Ambrose v. The Mount Sinai Hospital, et al.
>      11 Civ. 2026 (KAM) (CLP)

Dear Judge Pollak:

On behalf of our clients, The Mount Sinai Hospital ("Mount Sinai") and Maxine Shepherd ("Shepherd") (collectively "Defendants"), and in accordance with the Court's Order, dated September 11, 2013, I write to request a pre-motion conference to move to dismiss the complaint for failure to prosecute and to comply with Court orders.

As set forth in my letter, dated September 11, 2013, Plaintiff's counsel, Ian Wallace, was ordered on numerous occasions over the course of a one-year period to consult with Plaintiff's treating physician and provide a letter from Plaintiff's physician regarding his ability to proceed with his deposition. After seeking several lengthy extensions of time and failing to provide the letter, the Court ordered Plaintiff to do so no later than September 20, 2013. On that date, Mr. Wallace submitted two inadequate notes from Plaintiff's healthcare providers. The first letter from Isaiah Kong, LMSW, states that Plaintiff was "diagnosed with generalized anxiety disorder" and that "[h]is symptoms are under control at this time." This letter makes no mention of Plaintiff's deposition nor does it set forth any restrictions on the conduct of his deposition. The second letter from Eileen G. Rassi, M.D., states that Dr. Rassi "recommend[s] that [Plaintiff's] deposition be deferred until [his] blood pressure control is improved" without expressing any opinion as to (i) whether Plaintiff will be able to be deposed on a future date; (ii) when and under what conditions Plaintiff's blood pressure will be considered "improved;" (iii) any restrictions that may be necessary on the conduct of Plaintiff's deposition; and (iv) a detailed report on Plaintiff's medical condition. These letters do not comply with the Court's Order, which instructed Plaintiff to provide a comprehensive letter from Plaintiff's physician that opines on these issues. It now appears as if Plaintiff is unable to be deposed, even under the generous conditions proposed by the Court and agreed to by Defendants. The ongoing prejudice to Mount



Honorable Cheryl L. Pollak
September 24, 2013
Page 2

Sinai and Shepherd from any further delay requires that the case be dismissed.  Accordingly, Defendants renew their request for leave to move to dismiss the complaint.

Respectfully submitted,

Rory J. McEvoy

cc:    Ian F. Wallace (via facsimile & ECF)
       Attorney for Plaintiff