EDWARDS WILDMAN PALMER LLP
Rory J. McEvoy
Julie L. Sauer
Attorneys for Defendants
750 Lexington Avenue
New York, New York 10022
212.308.4411
rmcevoy@edwardswildman.com
jsauer@edwardswildman.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ALBERTO AMBROSE,

        Plaintiff,

-against-

THE MOUNT SINAI HOSPITAL and
MAXINE SHEPHERD,

        Defendants.

11 Civ. 2026 (KAM) (CLP)

**ANSWER TO THE SECOND AMENDED COMPLAINT**

---

Defendants The Mount Sinai Hospital ("Mount Sinai" or the "Hospital") and Maxine Shepherd ("Shepherd"), by their attorneys, Edwards Wildman Palmer LLP, answer the Second Amended Complaint (the "Amended Complaint") as follows:

    1.    Deny each and every allegation contained in Paragraph 1 of the Amended Complaint, except admit that Plaintiff purports to assert claims under 42 U.S.C. § 1981 ("§ 1981"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), the New York State Human Rights Law, New York Executive Law § 296, et seq. ("NYSHRL"), and the New York City Human Rights Law, New York City Administrative Code § 8-107, et seq. ("NYCHRL").

    2.    Deny each and every allegation contained in Paragraph 2 of the Amended Complaint, except admit that Plaintiff purports to assert a claim under the Family Medical Leave Act, 29 U.S.C.S. § 2601 et seq. ("FMLA").

3. Deny each and every allegation contained in Paragraph 3 of the Amended Complaint, except admit that Plaintiff purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Deny each and every allegation contained in Paragraph 4 of the Amended Complaint, except admit that venue is proper in the United States District Court for the Eastern District of New York.

5. Deny each and every allegation contained in Paragraph 5 of the Amended Complaint.

6. Deny each and every allegation contained in Paragraph 6 of the Amended Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint, except admit that Plaintiff is a male and that his last known address is 184 Clymer Street, Apartment # 30, Brooklyn, New York 11211 and further admit, upon information and belief, that Plaintiff is Hispanic and of Cuban national origin.

8. Deny each and every allegation contained in Paragraph 8 of the Amended Complaint, except admit that Plaintiff was employed by Mount Sinai from July 24, 2006 to December 21, 2010.

9. Deny each and every allegation contained in Paragraph 9 of the Amended Complaint, except admit that (i) Mount Sinai is incorporated pursuant to the not-for-profit law of the State of New York and (ii) Mount Sinai's mailing address is One Gustave L. Levy Place, New York, New York 10029.

10. Deny each and every allegation contained in Paragraph 10 of the Amended Complaint, except admit that during Plaintiff's employment with Mount Sinai, Maxine Shepherd ("Shepherd") held the position of Clinical Nurse Manager of the Medicine Services Department and, in that role, she supervised Plaintiff.

11. Deny each and every allegation contained in Paragraph 11 of the Amended Complaint, except admit that Plaintiff was hired as a part-time Patient Care Associate and his first day of employment was July 24, 2006.

12. Deny each and every allegation contained in Paragraph 12 of the Amended Complaint, except admit that at some point during his employment, Plaintiff provided services as an interpreter for the Hospital's Spanish-speaking patients.

13. Admit the allegations contained in Paragraph 13 of the Amended Complaint.

14. Deny each and every allegation contained in Paragraph 14 of the Amended Complaint, except admit that during Plaintiff's employment, Shepherd was the Clinical Nurse Manager of the Medicine Services Department and, in that role, she supervised Plaintiff.

15. Deny each and every allegation contained in Paragraph 15 of the Amended Complaint, except admit that Shepherd is a Black female and her national origin is Jamaican.

16. Deny each and every allegation contained in Paragraph 16 of the Amended Complaint.

17. Deny each and every allegation contained in Paragraph 17 of the Amended Complaint.

18. Deny each and every allegation contained in Paragraph 18 of the Amended Complaint.

19. Deny each and every allegation contained in Paragraph 19 of the Amended Complaint.

20. Deny each and every allegation contained in Paragraph 20 of the Amended Complaint.

21. Deny each and every allegation contained in Paragraph 21 of the Amended Complaint and refer to Plaintiff's written performance appraisals for their contents.

22. Deny each and every allegation contained in Paragraph 22 of the Amended Complaint, except admit that Shepherd completed Plaintiff's performance appraisals after obtaining information about Plaintiff's work performance from nurses who worked with Plaintiff.

23. Deny each and every allegation contained in Paragraph 23 of the Amended Complaint.

24. Deny each and every allegation contained in Paragraph 24 of the Amended Complaint, except admit that part-time and full-time employees do not receive the same benefits.

25. Deny each and every allegation contained in Paragraph 25 of the Amended Complaint.

26. Deny each and every allegation contained in Paragraph 26 of the Amended Complaint, except admit that at some point during his employment, Plaintiff told Shepherd that he wanted to be made a full-time employee.

27. Deny each and every allegation contained in Paragraph 27 of the Amended Complaint, except admit that at some point during his employment, Plaintiff told Shepherd that he wanted to be made a full-time employee.

28. Deny each and every allegation contained in Paragraph 28 of the Amended Complaint, except admit that Shepherd told Plaintiff she would look into his request to be made a full-time employee.

29. Deny each and every allegation contained in Paragraph 29 of the Amended Complaint.

30. Deny each and every allegation contained in Paragraph 30 of the Amended Complaint.

31. Deny each and every allegation contained in Paragraph 31 of the Amended Complaint.

32. Deny each and every allegation contained in Paragraph 32 of the Amended Complaint.

33. Deny each and every allegation contained in Paragraph 33 of the Amended Complaint.

34. Deny each and every allegation contained in Paragraph 34 of the Amended Complaint.

35. Deny each and every allegation contained in Paragraph 35 of the Amended Complaint.

36. Deny each and every allegation contained in Paragraph 36 of the Amended Complaint.

37. Deny each and every allegation contained in Paragraph 37 of the Amended Complaint, except admit that at some point in 2008, Plaintiff met with Tanya Isaacs ("Isaacs"), a former Senior Labor Relations Specialist in the Hospital's Labor Relations Department.

38. Deny each and every allegation contained in Paragraph 38 of the Amended Complaint, except admit that Plaintiff met with Isaacs and told Isaacs that he would like to be made a full-time employee.

39. Deny each and every allegation contained in Paragraph 39 of the Amended Complaint.

40. Deny each and every allegation contained in Paragraph 40 of the Amended Complaint.

41. Deny each and every allegation contained in Paragraph 41 of the Amended Complaint, except admit that Isaacs spoke with Shepherd about Plaintiff's request to be converted to full-time.

42. Deny each and every allegation contained in Paragraph 42 of the Amended Complaint.

43. Deny each and every allegation contained in Paragraph 43 of the Amended Complaint.

44. Deny each and every allegation contained in Paragraph 44 of the Amended Complaint.

45. Deny each and every allegation contained in Paragraph 45 of the Amended Complaint.

46. Deny each and every allegation contained in Paragraph 46 of the Amended Complaint and refer to Plaintiff's written performance appraisal for its contents.

47. Deny each and every allegation contained in Paragraph 47 of the Amended Complaint and refer to Plaintiff's written performance appraisals for their contents.

48. Deny each and every allegation contained in Paragraph 48 of the Amended Complaint.

49. Deny each and every allegation contained in Paragraph 49 of the Amended Complaint.

50. Deny each and every allegation contained in Paragraph 50 of the Amended Complaint.

51. Deny each and every allegation contained in Paragraph 51 of the Amended Complaint.

52. Deny each and every allegation contained in Paragraph 52 of the Amended Complaint.

53. Deny each and every allegation contained in Paragraph 53 of the Amended Complaint.

54. Deny each and every allegation contained in Paragraph 54 of the Amended Complaint.

55. Deny each and every allegation contained in Paragraph 55 of the Amended Complaint.

56. Deny each and every allegation contained in Paragraph 56 of the Amended Complaint.

57. Deny each and every allegation contained in Paragraph 57 of the Amended Complaint.

58. Deny each and every allegation contained in Paragraph 58 of the Amended Complaint.

59. Deny each and every allegation contained in Paragraph 59 of the Amended Complaint, except admit that Shepherd gave Plaintiff his 2009 annual performance appraisal at some point after December 31, 2009 and refer to that appraisal for its content.

60. Deny each and every allegation contained in Paragraph 60 of the Amended Complaint.

61. Deny each and every allegation contained in Paragraph 61 of the Amended Complaint.

62. Deny knowledge or information sufficient to form a belief as to the race and first language of unidentified "personnel and patients" at the Hospital.

63. Deny each and every allegation contained in Paragraph 63 of the Amended Complaint, except admit that at some point during his employment, Plaintiff provided services as an interpreter for the Hospital's Spanish-speaking patients.

64. Deny each and every allegation contained in Paragraph 64 of the Amended Complaint.

65. Deny each and every allegation contained in Paragraph 65 of the Amended Complaint.

66. Deny each and every allegation contained in Paragraph 66 of the Amended Complaint, except admit that at some point during his employment, Plaintiff told Shepherd that he believed her discipline of Plaintiff was "harassment."

67. Deny each and every allegation contained in Paragraph 67 of the Amended Complaint, except admit that during his employment, Plaintiff's Union filed grievances on his behalf challenging Plaintiff's final warning, final warning with suspension, and termination.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Amended Complaint, except admit that Gary Moore ("Moore") was one of the union delegates that represented Plaintiff in his grievances against the Hospital.

69. Deny each and every allegation contained in Paragraph 69 of the Amended Complaint.

70. Deny each and every allegation contained in Paragraph 70 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of any alleged communications between Moore and Plaintiff.

8

71. Deny each and every allegation contained in Paragraph 71 of the Amended Complaint.

72. Deny each and every allegation contained in Paragraph 72 of the Amended Complaint, except admit that at some point during his employment, Plaintiff requested that he be transferred to another Department.

73. Deny each and every allegation contained in Paragraph 73 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of Plaintiff's alleged communications to an unidentified person.

74. Deny each and every allegation contained in Paragraph 74 of the Amended Complaint and refer to the FMLA for its contents.

75. Deny each and every allegation contained in Paragraph 75 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of any communications Plaintiff alleges to have intended to have with Carol Porter.

76. Deny each and every allegation contained in Paragraph 76 of the Amended Complaint.

77. Deny each and every allegation contained in Paragraph 77 of the Amended Complaint.

78. Deny each and every allegation contained in Paragraph 78 of the Amended Complaint.

79. Deny each and every allegation contained in Paragraph 79 of the Amended Complaint.

80. Deny each and every allegation contained in Paragraph 80 of the Amended Complaint and further deny that Shepherd encouraged anyone to reprimand Plaintiff.

81. Deny each and every allegation contained in Paragraph 81 of the Amended Complaint.

82. Deny each and every allegation contained in Paragraph 82 of the Amended Complaint.

83. Deny each and every allegation contained in Paragraph 83 of the Amended Complaint.

84. Deny each and every allegation contained in Paragraph 84 of the Amended Complaint and refer to the written performance evaluation for its contents.

85. Deny each and every allegation contained in Paragraph 85 of the Amended Complaint.

86. Deny each and every allegation contained in Paragraph 86 of the Amended Complaint.

87. Deny each and every allegation contained in Paragraph 87 of the Amended Complaint, except deny knowledge of information sufficient to form a belief as to the truth of Plaintiff's beliefs or perceptions.

88. Deny each and every allegation contained in Paragraph 88 of the Amended Complaint.

89. Deny each and every allegation contained in Paragraph 89 of the Amended Complaint.

90. Deny each and every allegation contained in Paragraph 90 of the Amended Complaint, except admit that at some point during his employment, Plaintiff told Ruby Lopez ("Lopez"), a nurse in the Medical Intensive Care Unit, that his blood pressure was high.

91. Deny each and every allegation contained in Paragraph 91 of the Amended Complaint, except admit that at some point during his employment, Plaintiff told Lopez that he ran out of blood pressure medication and Lopez responded by telling Plaintiff that he should refill his medication.

92. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Amended Complaint.

93. Deny each and every allegation contained in Paragraph 93 of the Amended Complaint, except admit that Plaintiff received a warning on March 2, 2010 for failure to follow instructions or refusal to accept a job assignment; insubordination; and conduct detrimental to patient care, and refer to that warning for its contents.

94. Deny each and every allegation contained in Paragraph 94 of the Amended Complaint, except admit that at some point during his employment, Plaintiff requested that he be transferred to another Department.

95. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Amended Complaint.

96. Deny each and every allegation contained in Paragraph 96 of the Amended Complaint, except admit that Plaintiff did not transfer to another Department at Mount Sinai.

97. Deny each and every allegation contained in Paragraph 97 of the Amended Complaint.

98. Deny each and every allegation contained in Paragraph 98 of the Amended Complaint, except admit that Plaintiff received a warning on May 21, 2010, and refer to that warning for its contents.

99. Deny each and every allegation contained in Paragraph 99 of the Amended Complaint because Mount Sinai is unable to locate any record of Plaintiff applying and receiving approval for FMLA leave.

100. Deny each and every allegation contained in Paragraph 100 of the Amended Complaint.

101. Deny each and every allegation contained in Paragraph 101 of the Amended Complaint.

102. Deny each and every allegation contained in Paragraph 102 of the Amended Complaint, except admit that Plaintiff received a warning on July 27, 2010, and refer to that warning for its contents.

103. Deny each and every allegation contained in Paragraph 103 of the Amended Complaint, except admit that at some point during his employment, Plaintiff told Shepherd that he could not locate his PCA Log Book.

104. Deny each and every allegation contained in Paragraph 104 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the contents of Plaintiff's PCA Log Book.

105. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Amended Complaint.

106. Deny each and every allegation contained in Paragraph 106 of the Amended Complaint, except admit that Plaintiff received a warning on October 29, 2010, and refer to that warning for its contents.

107. Deny each and every allegation contained in Paragraph 107 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's activities on September 24, 2010.

108. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Amended Complaint.

109. Deny each and every allegation contained in Paragraph 109 of the Amended Complaint.

110. Deny each and every allegation contained in Paragraph 110 of the Amended Complaint because Mount Sinai is unable to locate any such grievance filed by Plaintiff.

111. Deny each and every allegation contained in Paragraph 111 of the Amended Complaint, except admit that Plaintiff received a termination notice on December 21, 2010 for excessive absenteeism and lateness; failure to follow instructions or accept a job assignment; failure to render a personal service to a patient; creating an unsafe or unsanitary condition; poor personal hygiene or improper care and/or condition of uniforms/clothing while on Hospital premises; and conduct detrimental to patient care, and refer to that termination notice for its contents.

112. Deny each and every allegation contained in Paragraph 112 of the Amended Complaint, except admit that Plaintiff's employment was terminated on December 23, 2010.

113. Deny each and every allegation contained in Paragraph 113 of the Amended Complaint, except admit that (i) after Plaintiff's discharge, Plaintiff's Union filed a grievance on his behalf challenging his termination and refer to that grievance for its contents and (ii) Plaintiff wrote a letter complaining about his termination, which is dated January 8, 2011, and refer to that letter for its contents.

114. Deny each and every allegation contained in Paragraph 114 of the Amended Complaint and refer to the January 8, 2011 letter for its contents.

115. Deny each and every allegation contained in Paragraph 115 of the Amended Complaint and refer to the January 8, 2011 letter for its contents.

13

116. Deny each and every allegation contained in Paragraph 116 of the Amended Complaint and refer to the January 8, 2011 letter for its contents.

117. Deny each and every allegation contained in Paragraph 117 of the Amended Complaint, except admit that members of Mount Sinai's Department of Labor Relations heard Plaintiff's grievances, which were denied.

118. Deny each and every allegation contained in Paragraph 118 of the Amended Complaint.

119. Deny each and every allegation contained in Paragraph 119 of the Amended Complaint.

120. Deny each and every allegation contained in Paragraph 120 of the Amended Complaint.

121. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the Amended Complaint regarding the Union's failure to proceed to arbitration, except admit that no arbitration hearing has been held on the grievances filed by the Union on Plaintiff's behalf.

122. Deny each and every allegation contained in Paragraph 122 of the Amended Complaint.

123. Deny each and every allegation contained in Paragraph 123 of the Amended Complaint.

124. Deny each and every allegation contained in Paragraph 124 of the Amended Complaint.

125. Deny each and every allegation contained in Paragraph 125 of the Amended Complaint.

126. Deny each and every allegation contained in Paragraph 126 of the Amended Complaint.

127. Deny each and every allegation contained in Paragraph 127 of the Amended Complaint.

128. Deny each and every allegation contained in Paragraph 128 of the Amended Complaint.

129. Deny each and every allegation contained in Paragraph 129 of the Amended Complaint.

130. Deny each and every allegation contained in Paragraph 130 of the Amended Complaint.

131. Deny each and every allegation contained in Paragraph 131 of the Amended Complaint.

132. With regard to Paragraphs 1 through 131 of the Amended Complaint, repeat and reallege their responses, as if each were fully set forth herein.

133. Deny each and every allegation contained in Paragraph 133 of the Amended Complaint.

134. Deny each and every allegation contained in Paragraph 134 of the Amended Complaint.

135. Deny each and every allegation contained in Paragraph 135 of the Amended Complaint.

136. With regard to Paragraphs 1 through 135 of the Amended Complaint, repeat and reallege their responses, as if each were fully set forth herein.

137. Deny each and every allegation contained in Paragraph 137 of the Amended Complaint.

138. Deny each and every allegation contained in Paragraph 138 of the Amended Complaint.

139. Deny each and every allegation contained in Paragraph 139 of the Amended Complaint.

140. With regard to Paragraphs 1 through 139 of the Amended Complaint, repeat and reallege their responses, as if each were fully set forth herein.

141. Deny each and every allegation contained in the Paragraph 141 of the Amended Complaint.

142. Deny each and every allegation contained in Paragraph 142 of the Amended Complaint.

143. With regard to Paragraphs 1 through 142 of the Amended Complaint, repeat and reallege their responses, as if each were fully set forth herein.

144. Deny each and every allegation contained in Paragraph 144 of the Amended Complaint.

145. Deny each and every allegation contained in Paragraph 145 of the Amended Complaint.

146. Deny each and every allegation contained in Paragraph 146 of the Amended Complaint.

147. With regard to Paragraphs 1 through 146 of the Amended Complaint, repeat and reallege their responses, as if each were fully set forth herein.

148. Deny each and every allegation contained in Paragraph 148 of the Amended Complaint.

149. Deny each and every allegation contained in Paragraph 149 of the Amended Complaint.

150.   Deny that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause contained in the Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

151.   The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

152.   Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot prove that Mount Sinai knew or should have known of any alleged discriminatory, harassing or retaliatory treatment of the Plaintiff or that Mount Sinai acquiesced in any alleged such treatment.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

153.   Plaintiff's claims are barred, in whole or in part, because Mount Sinai exercised reasonable care to prevent and to correct promptly any discriminatory, harassing or retaliatory behavior by having anti-discrimination, anti-harassment, and anti-retaliation policies with a complaint procedure.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

154.   Plaintiff's claims are barred, in whole or in part, because Mount Sinai has policies prohibiting discrimination, harassment and retaliation, and procedures for investigating and preventing such unlawful treatment, and Plaintiff unreasonably failed to take action, pursuant to those policies and procedures or otherwise, to be free from discrimination, harassment and retaliation.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

155.   Plaintiff's claims are barred, in whole or in part, because policies and procedures for the prevention, detection, and investigation of discrimination, harassment and retaliation were

established, and complied with, by Mount Sinai and there is a record of no prior incidents of discriminatory, harassing or retaliatory conduct by any employee, agent, or independent contractor of Mount Sinai who is alleged by Plaintiff to have discriminated against, harassed or retaliated against him.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

156. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

157. Plaintiff's claims are barred, in whole or in part, because they exceed the scope of the charge that Plaintiff filed with the Equal Employment Opportunity Commission.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

158. Plaintiff's claims are barred, in whole or in part, because the Court lacks subject matter jurisdiction over Shepherd.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

159. Plaintiff's claims are barred, in whole or in part, because he failed to mitigate his alleged damages.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

160. Plaintiff's claims are barred, in whole or in part, because Defendants acted in good faith and had reasonable grounds to believe that they did not violate the FMLA.

WHEREFORE, Defendants demand judgment dismissing the Amended Complaint with prejudice, together with the cost and disbursements of this action, reasonable attorneys' fees, and such further relief as the Court deems just and proper.

Date: New York, New York
November 26, 2013

                        EDWARDS WILDMAN PALMER LLP

                        By: _____
                              Rory J. McEvoy
                              Julie L. Sauer
                        Attorneys for Defendants
                        750 Lexington Avenue
                        New York, New York 10022
                        212.308.4411
                        rmcevoy@edwardswildman.com
                        jsauer@edwardswildman.com

To: Ian F. Wallace, Esq.
Law Offices of Ian Wallace, PLLC
Attorneys for Plaintiff
501 Fifth Avenue – 19th Floor
New York, NY 10017
212.661.5306

EDWARDS WILDMAN PALMER LLP
Rory J. McEvoy
Julie L. Sauer
Attorneys for Defendants
750 Lexington Avenue
New York, New York 10022
212.308.4411
rmcevoy@edwardswildman.com
jsauer@edwardswildman.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ALBERTO AMBROSE,

                Plaintiff,

-against-

THE MOUNT SINAI HOSPITAL and
MAXINE SHEPHERD,

                Defendants.

11 Civ. 2026 (KAM) (CLP)

**AFFIDAVIT OF SERVICE**

---

Julie L. Sauer, being duly sworn, deposes and says that she is over the age of eighteen; is not a party to this action; and that on the 26th day of November 2013, she caused a true and correct copy of the foregoing ANSWER TO THE SECOND AMENDED COMPLAINT to be served upon:

**Ian F. Wallace, Esq.**
**Law Offices of Ian Wallace, PLLC**
**Attorneys for Plaintiff**
**501 Fifth Avenue – 19th Floor**
**New York, NY 10017**
**212.661.5306**

by depositing a true copy of said document enclosed in a prepaid, sealed wrapper, properly addressed to the above-named party, in an official depository under the exclusive care and custody of the United States Postal Service, first class mail, within the State of New York and by filing same on the United States District Court for the Eastern District of New York's electronic court filing system.

                                                                  _____
                                                                    Julie L. Sauer

Sworn to before me this
26th day of November 2013

_____
Notary Public

JOHN FRANCAVILLO
Notary Public, State of New York
No. 24-4838118
Qualified in Kings County
Certificate Filed in Kings County
Commission Expires Oct. 31, 2014