

EDWARDS WILDMAN PALMER LLP
750 LEXINGTON AVENUE
NEW YORK, NY 10022
+1 212 308 4411 main  +1 212 308 4844 fax
edwardswildman.com

Julie L. Weber
Associate
+1 212 912 2856
*fax* +1 888 325 9140
jlweber@edwardswildman.com

February 18, 2014

**VIA ECF & FACSIMILE**

Honorable Cheryl L. Pollak
United States Magistrate Judge
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Ambrose v. The Mount Sinai Hospital, et al.
               11 Civ. 2026 (KAM) (CLP)

Dear Judge Pollak:

On behalf of our clients, The Mount Sinai Hospital and Maxine Shepherd (collectively "Defendants") and Plaintiff Alberto Ambrose ("Plaintiff" or "Mr. Ambrose"), I write to make a joint request for an extension of the Court's deadline for the completion of all depositions in this case from February 21, 2014 to March 31, 2014. The reason for this request is that (i) while Defendants started conducting Mr. Ambrose's deposition on January 27, 2014, Defendants have been unable to complete Plaintiff's deposition because of his medical condition and transportation needs and (ii) because of the delays associated with completing Mr. Ambrose's deposition, Plaintiff has been unable to depose Maxine Shepherd or Tanya Isaacs, which the Court previously ruled are to be taken after Mr. Ambrose's deposition.

On January 27, 2014, Defendants began Mr. Ambrose's deposition at 10:20 a.m. to accommodate Plaintiff's transportation needs, namely, travel on Access-A-Ride, the paratransit service for New York City, which provides shared transportation to disabled individuals. Due to Mr. Ambrose's medical condition, he needed to take several breaks throughout the course of the deposition. He also needed to conclude for the day at 4:00 p.m. so that he would be able to have transportation home on Access-A-Ride. As a result, Defendants were only able to depose Plaintiff for approximately four hours. Mr. Ambrose's deposition also moved slower than a normal pace because it took him long periods of time to recall events and answer questions. The parties agreed to continue Mr. Ambrose's deposition on a date the following week to allow him time to rest.

The next week, which was the week of February 3, 2014, Defendants were unable to continue Mr. Ambrose's deposition because Plaintiff had to appear for a last minute hearing before the



Honorable Cheryl L. Pollak
February 18, 2014
Page 2

New York State Department of Labor on February 6, 2014 and his attorney, Ian Wallace, informed me that Mr. Ambrose needed to conserve his energy that week to attend the hearing. Thereafter, on February 10, 2014, Defendants attempted to resume Mr. Ambrose's deposition. However, after approximately 20 minutes, Plaintiff informed Mr. Wallace and me that he was unable to proceed with the deposition that day because he did not feel well. More specifically, Plaintiff told Mr. Wallace that he felt the same way he felt immediately before he had a stroke in April 2012. Given this, the parties adjourned Mr. Ambrose's deposition.

Defendants are scheduled to resume Mr. Ambrose's deposition tomorrow, February 19, 2014. However, given Mr. Ambrose's medical conditions and transportation needs, the parties are unable to determine whether Defendants will be able to complete Plaintiff's deposition tomorrow. In the event Plaintiff's deposition cannot be completed tomorrow, the parties will need additional time beyond the February 21 deadline to complete his deposition. Plaintiff also needs more time to complete the depositions of Ms. Shepherd and Ms. Isaacs. Accordingly, a deadline of March 31, 2014 should provide enough time for the parties to conduct all remaining depositions.

In the event that the Court grants the parties' request, the parties also request that the Court adjourn the February 26 status conference to a date after March 31.

Respectfully submitted,

*Julie Weber*

Julie L. Weber

cc:	Ian F. Wallace (via facsimile & ECF)
	Attorney for Plaintiff